UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEREK HAVEL,

        Plaintiff,                    No. C 06-4543 PJH

    v.                             **ORDER DENYING MOTION TO REMAND**

SUNAMERICA SECURITIES, INC., et al.,

        Defendants.

_____/

        Plaintiff's motion to remand came on for hearing before this court on October 4, 2006. Plaintiff appeared by his counsel Eric A. Grover, and defendants appeared by their counsel John S. Battenfeld. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion as follows and for the reasons stated at the hearing.

        This is an action alleging claims under California law for violations of labor laws. Plaintiff Derek Havel asserts that from October 2004 to October 2005, he worked as a "Registered Representative" at defendant SunAmerica Securities, Inc. ("SunAmerica Securities"), pursuant to an "independent contractor" agreement. On June 14, 2006, plaintiff filed the present action as a proposed class action in Contra Costa Superior Court. Defendants are SunAmerica Securities and what is alleged to be its parent corporation, AIG Financial Advisors.

        Plaintiff alleges that while the members of the proposed class were considered independent contractors, they were actually employees because their day-to-day activities

1  as "Registered Representatives" were subject to the pervasive control of SunAmerica
2  Securities.  Thus, he asserts, they were entitled to the benefits and protections of the
3  California Labor Code and orders issued by the Industrial Wage Commission ("IWC").
4        Plaintiff asserts eleven causes of action, nine of which allege violations of the Labor
5  Code and IWC Orders (failure to pay minimum wage and overtime, and failure to provide
6  accurate wage statements, adequate meal periods, and adequate rest periods).  The
7  remaining two causes of action assert violation of Business and Professions Code § 17200
8  – the ninth cause of action, alleging violations of various provisions of the California Labor
9  Code; and the tenth cause of action, claiming failure to pay overtime in violation of the
10 federal Fair Labor Standards Act, 29 U.S.C. § 207(a) ("FLSA").
11       On July 26, 2006,  defendants removed the case, alleging federal jurisdiction under
12 the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711-15.
13 Defendants also alleged federal question jurisdiction under 28 U.S.C. § 1331 (based on the
14 § 17200 claim premised on violations of the FLSA).
15       Plaintiff now seeks an order remanding the case, arguing that the court lacks subject
16 matter jurisdiction.  Plaintiff asserts that defendants have failed to meet their burden of
17 showing that the case was properly removed under CAFA.  They also contend that there is
18 no substantial federal question to invoke original jurisdiction under 28 U.S.C.
19 § 1331.
20       A defendant may remove a civil action filed in state court if the action could have
21 originally been filed in federal court.  28 U.S.C. § 1441. The removal statutes are construed
22 restrictively, so as to limit removal jurisdiction.  Shamrock Oil & Gas Corp. v. Sheets, 313
23 U.S. 100, 108-09 (1941); Hofler v. Aetna US Healthcare, 296 F.3d 764, 767 (9th Cir. 2002).
24 There is a "strong presumption" against removal jurisdiction.  Gaus v. Miles, Inc., 980 F.2d
25 564, 566 (9th Cir. 1992).  Doubts as to removability are resolved in favor of remanding the
26 case to state court.  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th
27 Cir. 2003).
28       In a motion to remand, the burden of proving the propriety of removal rests with the

2

removing party. United Computer Systems v. AT & T Corp., 298 F.3d 756, 763 (9th Cir. 2002). The district court must remand a case to state court if, at any time before final judgment, the court determines that it lacks subject matter jurisdiction.  28 U.S.C § 1447(c).

 This motion involves two main issues – whether the case was properly removed under CAFA, and whether the case was properly removed on federal question grounds. As explained at the hearing on plaintiff's motion, the court finds that the presence of federal question jurisdiction requires that the motion to remand be DENIED.  Accordingly, the court does not address the question whether the action was properly removed under CAFA.

 Plaintiff argues that his § 17200 claim does not trigger federal question jurisdiction under 28 U.S.C. § 1331.  A state law claim can implicate federal question jurisdiction when "a substantial, disputed question of federal law is a necessary element of . . . the well-pleaded state claim, or the claim is an inherently federal claim articulated in state-law terms." Lippitt v. Raymond James Fin. Servs., 340 F.3d 1033, 1042 (9th Cir. 2003) (quotations and citations omitted).

 In both the ninth and tenth causes of action, plaintiff alleges that "[d]efendants' acts constitute a continuing and ongoing unlawful activity prohibited by the UCL."  Cplt ¶¶ 75, 87.  In the tenth cause of action, plaintiff alleges a violation of § 17200 based on "federal law violations" – specifically, violations of the FLSA.  Plaintiff asserts that "[d]efendants have committed an act of unfair competition under the UCL by failing to pay [overtime pay required by the FLSA] to [p]laintiff and the members of the putative class."  Cplt. ¶ 89.

 In the notice of removal, defendants assert that federal question jurisdiction attaches because the § 17200 claim alleged in the tenth cause of action is based on FLSA overtime violations.  They contend that plaintiff alleges that defendants' actions are in violation of FLSA, and does not claim that defendants' conduct is independently unlawful under California law.  Thus, defendants contend, the complaint raises a claim that is necessarily federal in character, where the right to relief depends on the resolution of a substantial, disputed federal question – whether defendants violated the FLSA.

 In the motion to remand, plaintiff argues that the case was improperly removed,

because the allegations that defendants violated § 17200 do not turn on a question of federal law.  Plaintiff submits that the issue is whether defendants engaged in an "unfair" business practice by failing to pay their Registered Representatives overtime wages.  Plaintiff claims that the complaint alleges that defendants' practice of failing to pay their employees overtime wages is an "unfair" business practice, and that it is not necessary that he allege or prove that defendants' conduct was "unlawful."

Plaintiff also argues that even if the court finds that it has federal jurisdiction over the tenth cause of action, the remaining causes of action should be remanded.  Plaintiff claims that the causes of action based on California wage law violations (failure to reimburse employees for their expenses, forcing employees to purchase company-sponsored products) do not arise out of the same acts as the underlying tenth cause of action (failure to pay overtime as required by the FLSA), and that there is therefor no supplemental jurisdiction over those claims.

In opposition, defendants argue that the tenth cause of action under § 17200 is predicated on the violation of federal law, because it is based on defendants' alleged violation of the FLSA.  Defendants assert that the tenth cause of action alleges only "unlawful" conduct – not "unfair" or "fraudulent" conduct.  For example, the tenth cause of action alleges that defendants' acts "constitute a continuing and ongoing <u>unlawful</u> activity prohibited by the UCL;" that plaintiff and the members of the class "do not qualify for an <u>exemption from overtime pay under the FLSA</u>;" that defendants violated the UCL by failing to pay the <u>required overtime pay</u>;" and that defendants should be required to "disgorge their <u>illegal</u> gains."  Cplt ¶¶ 87, 88, 89, 91, 94 (emphasis added).

Defendants note that the tenth cause of action does not allege wrongful conduct apart from the failure to pay overtime, and argue that because the "law" that underlies the claim of "unlawful" conduct is the FLSA – a federal statute – the claim necessarily arises under federal law.  Defendants also contend that the court should exercise supplemental jurisdiction over plaintiff's remaining state law claims because they arise out of the same nucleus of operative fact.  Defendants assert that all plaintiff's claims stem from the same

4

factual question – whether plaintiff was properly classified as an independent contractor to whom neither state nor federal wage and hour laws apply. Defendants also argue that plaintiff's claims do not involve a novel or complex issue of state law, noting that California and federal labor laws require consideration of many of the same factors in determining whether an individual is an employee or an independent contractor.

The court finds that the tenth cause of action states a substantial federal claim, because it seeks to enforce duties imposed by the FLSA to pay overtime compensation. Plaintiff's argument that a claim that failure to pay overtime in violation of the FLSA was "unlawful" should be interpreted as an allegation that the failure to pay overtime was "unfair" is unavailing. The entire tenth cause of action depends on the assertion that defendants violated the FLSA. Regardless of whether the failure to pay overtime was also "unfair," it is pled here as being "unlawful." It was "unlawful" solely because it constituted a violation of the FLSA. Thus, the tenth cause of action states a substantial federal claim, and sufficiently supports removal. The motion to remand is DENIED.

**IT IS SO ORDERED.**

Dated: October 11, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge