1  REBECCA EISEN, SBN 096129
   PHILIP J. SMITH, SBN 232462
2  MORGAN, LEWIS & BOCKIUS LLP
   One Market, Spear Street Tower
3  San Francisco, California 94105-1126
   Tel: 415.442.1000
4  Fax: 415.442.1001
   e-mail: reisen@morganlewis.com,
5          philip.smith@morganlewis.com

6  JOHN S. BATTENFELD, SBN 119513
   MORGAN, LEWIS & BOCKIUS LLP
7  300 South Grand Avenue, Suite 2200
   Los Angeles, California 90071-3132
8  Tel: 213.612.2500
   Fax: 213.612.2501
9  e-mail: jbattenfeld@morganlewis.com

10 Attorneys for Defendants
   SUNAMERICA SECURITIES, INC., and AIG
11 FINANCIAL ADVISORS, INC.

12

13                 UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15 DEREK HAVEL, on behalf of himself and        Case No. C 06-4543 PJH
   all others similarly situated, and on behalf
16 of the General Public,                       **STIPULATION OF CONFIDENTIALITY
                                                AND [~~PROPOSED~~] PROTECTIVE ORDER**
17                   Plaintiff,                  AS MODIFIED BY THE COURT

18            vs.

19 SUNAMERICA SECURITIES, INC., AIG
   FINANCIAL ADVISORS, INC., and
20 DOES 1 TO 10, inclusive,

21                   Defendants.

22

23         Plaintiff Derek Havel ("Plaintiff") and Defendants SunAmerica Securities, Inc.

24 ("SunAmerica") and AIG Financial Advisors, Inc., ("AIGFA") (collectively "Defendants"),

25 through their respective counsel, seek this Court's approval of this Stipulation of Confidentiality

26 and Protective Order.

27

28

1        WHEREAS, pretrial discovery in *Derek Havel v. SunAmerica Securities, Inc., AIG*

2    *Financial Advisors, Inc. and Does 2 to 10, inclusive*, USDC No. C 06-04543 PJH (the "Action"),

3    may require disclosure of confidential information and documents, including proprietary material,

4    company confidential, trade secret, personnel information, or other confidential information (the

5    "Confidential Materials"); and

6        WHEREAS, Defendants and Plaintiff (collectively the "Parties") desire to maintain the

7    confidentiality of the Confidential Materials.

8        NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the Parties to this

9    Action, through their respective counsel, as follows:

10                          CONFIDENTIAL MATERIALS

11        1.      Each Party to this Action who, in response to a discovery request, or by

12    way of voluntary disclosure, produces or discloses (the "Disclosing Party") any matter,

13    including documents, things, testimony or information which such Party reasonably and in

14    good faith believes to comprise or contain Confidential Materials may designate the same

15    "CONFIDENTIAL."  Neither party shall designate any discovery materials as

16    "CONFIDENTIAL" without first making a determination that the information is properly

17    subject to protection under Fed. R. Civ. P. 26(c) and that such protection is warranted in

18    good faith.

19        2.      The Disclosing Party shall designate as "CONFIDENTIAL" only

20    information that the Disclosing Party in good faith believes is confidential, that normally

21    would not be revealed to third parties, and that is maintained in confidence.

22        3.      All information designated as "CONFIDENTIAL" by the Disclosing Party

23    shall not be disclosed by any of the other Parties to any person or entity other than those

24    persons designated herein and, in any event, shall not be used for any purpose other than

25    in connection with the Action.  Such information may be disclosed only to the following:

26             a.      The Court (subject to provisions for filing under seal, set out

27    below);

28

STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER

b.     Counsel of record for any Party, including their associates, paralegals, and clerical personnel;

c.     The Parties, including employees and agents of the Parties;

d.     A current or former officer, director, agent, registered representative or employee of a Party deemed necessary by counsel to aid in the prosecution, defense or settlement of this Action;

e.     Persons retained or consulted by the Parties or their attorneys for purposes of this litigation (including, but not limited to, accountants, marketing consultants, financial advisors, statisticians and economists), if such persons reasonably require the information to enable them to assist counsel in the prosecution or defense of this litigation, provided that no such disclosure shall be made to any person employed by any competitor of Defendant, except upon further order of the Court;

f.     Any court reporter who takes testimony;

g.     A non-expert witness or potential witness at or for any deposition or other proceeding in this Action; and

h.     Any other person as to whom the Parties agree in writing.

To the extent counsel or any of their expert consultants, witnesses, or potential witnesses prepare summaries of "CONFIDENTIAL" materials, or cause such summaries to be prepared, such summaries shall be subject to the terms of this Protective Order.

4.     No disclosure of Confidential Materials designated as "CONFIDENTIAL" by any Disclosing Party may be made to any person pursuant to the terms of paragraphs 3(d), 3(e), 3(g) or 3(h) unless that person first executes an agreement to be bound by the terms of this Order in the form attached hereto as Exhibit "A." This Order shall be binding upon the Parties (including all employees and agents of the Parties), counsel for any Party (including their associates, paralegals, and clerical personnel), and all persons who, pursuant to the preceding sentence, have executed an agreement to be bound by the terms of this Order. No person or entity upon whom this Order is binding shall use Confidential Materials designated as "CONFIDENTIAL" for any purpose other than in

1    connection with the Action. If a witness at a deposition refuses to sign Exhibit A, the

2    Parties shall meet and confer with each other and, if necessary, submit the issue to the

3    Court prior to the disclosure to the witness of any "CONFIDENTIAL" document.

4        5.      Counsel shall keep a record of all copies of each "CONFIDENTIAL"

5    document distributed, in whole or in part, to any qualified person. Any copy so

6    distributed shall be returned to the distributing counsel after the completion of the

7    qualified person's consultation or representation in this action.

8        6.      With respect to documents which the Disclosing Party reasonably believes

9    contain Confidential Materials, the Disclosing Party shall either stamp such documents

10   "CONFIDENTIAL" before the time of production or when photocopied and delivered or

11   designate categories of documents in container(s) marked "CONFIDENTIAL" and

12   provide a description of the designated categories of documents in the container(s). Such

13   documents will also bear a Bates stamp number, or some other mutually agreeable

14   identifying number.

15       7.      To the extent Confidential Materials or information obtained therefrom are

16   used in the taking of depositions, such documents or information shall remain subject to

17   the provisions of this Protective Order. On the record at a deposition, a Party may

18   designate as "CONFIDENTIAL" the testimony which it reasonably believes discloses

19   Confidential Materials. The Designating Party shall be responsible to instruct the court

20   reporter to segregate confidential from non-confidential testimony and exhibits in separate

21   transcripts. Confidential portions of deposition transcripts shall be treated in the same

22   manner as any other "document" described in this Order.

23       8.      Nothing in this Protective Order shall prevent any Party from disclosing its

24   own Confidential Materials as it deems appropriate. Such disclosure shall not constitute a

25   waiver of the designation of such confidential materials as "CONFIDENTIAL."

26       9.      If any Party objects to the designation of any Confidential Materials as

27   "CONFIDENTIAL," that Party shall state the objection by letter to counsel for the Party

28   making the designation. Each Party shall have the right, on reasonable notice, and after

1-SF/7429111.1                          4              Case No. C 06-4543 PJH

1   meeting and conferring with the Designating Party in a good faith effort to resolve the

2   matter informally, to apply to the Court for a determination of the issue.  Until the Court

3   rules on the motion, Confidential Materials shall continue to be treated and designated as

4   "CONFIDENTIAL."  The burden of establishing that any information designated as

5   "CONFIDENTIAL" meets the definition set forth herein shall be on the Party which seeks

6   to uphold the designation.

7        10.    Any Party seeking to file Confidential Materials under seal with the Court

8   under seal must first obtain an order from the Court, pursuant to Civil Local Rule 79-5,

9   authorizing the sealing of the particular documents, or portions thereof.  Once the Party

10  seeking to file Confidential Materials with the Court under seal has obtained an order

11  from the Court authorizing the sealing of the particular documents, or portions thereof, the

12  Party may then file Confidential Materials with the Court in sealed envelopes or other

13  appropriate sealed containers on which shall be endorsed the title of the action to which it

14  pertains, an indication of the nature of the contents of the sealed envelope or other

15  container, the word "CONFIDENTIAL," and a statement substantially in the following

16  form:

17
18             This envelope is sealed pursuant to Order of the Court entered [date
               of this Order], contains confidential information, and is not to be
19             opened or the contents revealed except by order of the Court.

20        If a Party seeks to file Confidential Materials with the Court under seal

21  solely because another Party has designated such materials as

22  "CONFIDENTIAL," the Party designating such materials as "CONFIDENTIAL"

23  must file a declaration with the Court establishing good cause for the sealing as

24  well as a proposed sealing order, pursuant to Civil Local Rule 79-5(d).  If the Party

25  designating such materials as "CONFIDENTIAL" does not file a declaration

26  establishing good cause, such Confidential Materials will become part of the

27  public record.

28

11. Any court hearing which refers to or describes confidential information may, in the Court's discretion, be *in camera*.

12. If a Party in possession of Confidential Materials designated as "CONFIDENTIAL" receives a subpoena from a non-party to this Protective Order which seeks production or other disclosure of Confidential Materials, it or he shall immediately give written notice to counsel for the Party who designated the Confidential Materials as "CONFIDENTIAL" stating the Confidential Materials sought and enclosing a copy of the subpoena. Where possible, at least 10 days' notice before production or other disclosure should be given. In no event shall production or disclosure be made before telephonic notice is given and, whenever possible, sufficiently in advance of production or disclosure to afford the Party to whom such notice has been given at least three business days to take appropriate action, including seeking judicial relief.

13. Upon final resolution of this Action, including appeals, all Parties and persons to whom any Confidential Materials have been disclosed or provided shall either destroy all such Confidential Materials or return them to the Disclosing Party; provided, however, that this obligation shall not extend to any Confidential Materials included in conformed copies of materials filed with the Court. The Parties further agree that their obligations over this Protective Order will not terminate upon final resolution of this Action, and that this Protective Order will remain in effect in perpetuity.

14. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this Action. The entry of this Order shall not be construed as a waiver of any right to object on any other grounds to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any Party of the obligation to produce information in the course of discovery.

15. This Protective Order shall not prevent any Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional

protective orders, or from agreeing to modify this Protective Order, subject to the approval of the Court.

16.     This Protective Order shall not control the use of any evidence during the trial of this Action.  However, nothing herein shall preclude any Party from seeking the assistance of the Court in maintaining the confidential nature of any evidence which is presented at trial.

17.     After the date of the Protective Order, if a Party through inadvertence produces or provides discovery of any Confidential Materials without designating it as such in accordance with paragraphs 5, 6, and 7 of this Order, the Disclosing Party may give written notice to the Party or Parties that have received the Confidential Materials that the document(s), information, response, testimony, or other discovery are Confidential Materials and should be treated as confidential in accordance with the provisions of this Order.  The Party or Parties that have received the materials must treat the materials as confidential from the date such notice is received.  The inadvertent disclosure of any confidential document or information shall not be deemed a waiver of confidentiality as to any other document in which such information may be contained.

///

///

///

///

///

///

///

///

///

///

///

///

1    ~~18.     The Parties, and any other person subject to the terms of this Order, agree~~
2    ~~that after this Action is terminated this Court shall have and retain jurisdiction over him,~~
3    ~~her, or it for the purpose of enforcing this Order~~.    PJH

4

5    Dated:  January 31, 2007                    MORGAN, LEWIS & BOCKIUS LLP

6                                                By    /s/ Rebecca Eisen
7                                                      Rebecca Eisen
                                                       Attorney for Defendants SunAmerica Securities,
8                                                      Inc., and AIG Financial Advisors, Inc.

9    Dated:  January 31, 2007                    KELLER GROVER LLP

10
11                                               By    /s/ Eric A. Grover
                                                       Eric A. Grover
12                                                     Attorney for Plaintiff Derek Havel

13

14   **IT IS SO ORDERED.**

15

16   **Dated:**   1/31/07

17                                               Hon.
                                                 Unite
18                                                              IT IS SO ORDERED

19                                                              *PJH*

20                                                              Judge Phyllis J. Hamilton

21

22

23

24

25

26

27

28

STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**WRITTEN ASSURANCE OF CONFIDENTIALITY**

I, _____, have read and fully understand the

"Stipulation of Confidentiality and Protective Order" in *Derek Havel v. SunAmerica Securities,*

*Inc., AIG Financial Advisors, Inc. and Does 2 to 10, inclusive*, USDC No. C 06-04543 PJH (the

"Protective Order"). I agree to comply with and be bound by the Protective Order. I agree that I

will not disclose any Confidential Materials, as defined in the Protective Order, to any persons or

in any manner not specifically authorized by the Protective Order, and I agree that I will not copy,

use or disclose any Confidential Materials except solely in connection with the case referenced

above.

I declare under penalty of perjury of the laws of the State of California that the foregoing

is true and correct and that this Declaration was executed at _____, California

on _____.

Signed: _____

1

2
## DECLARATION OF PHILIP J. SMITH

3      Pursuant to United States District Court, Northern District of California, General Order

4  No. 45, Section X, I hereby attest that I have on file all holograph signatures for any signatures
indicated by a "conformed" signature (/s/) within the following efiled documents:

5

6    • Stipulation of Confidentiality and Proposed Protective Order

7      I declare under penalty of perjury, under the laws of the United States and the State of

8  California, that the foregoing is true and correct.  Executed this day of January 31, 2007 in San
Francisco.

9

10

11                                    /s/      Philip J. Smith

12                                    Philip J. Smith
                                      Attorney for Defendants SunAmerica Securities,
                                      Inc., and AIG Financial Advisors, Inc.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28